IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BURTON J. RUBIN

                **Plaintiff,**

v.

AMERICAN SOCIETY OF TRAVEL
AGENTS, INC.

                **Defendant.**

Case No.: 1:08CV474

### DEFENDANT AMERICAN SOCIETY OF TRAVEL AGENTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

This action is the third lawsuit to emerge from the termination of Plaintiff Burton J. Rubin's ("Plaintiff" or "Mr. Rubin") employment with Defendant American Society of Travel Agents, Inc. ("Defendant" or "ASTA"). His claims have been or could have been litigated in his earlier proceedings in the Circuit Court of Alexandria. No disputed facts are material to this motion and the doctrine of *res judicata* precludes further pursuit of Plaintiff's unlawful termination claims. Accordingly, ASTA's motion to dismiss should be granted.

### STATEMENT OF FACTS

On or about December 4, 2006, Mr. Rubin initiated a lawsuit against Mr. Maloney, Executive Vice President and Chief Operating Officer of ASTA, in the Circuit Court of the City of Alexandria ("the First Lawsuit") alleging, among other things, that his employment with ASTA was unlawfully terminated.[1] The Honorable John E. Kloch sustained Mr. Maloney's

---

[1] In the First Lawsuit, which is attached as Exhibit A, Mr. Rubin alleged the existence of an employment contract, which arose out of ASTA's whistle blowing employment policy, that Mr. Maloney tortiously interfered with his employment agreement, and that Mr. Maloney's actions were taken in furtherance of his personal interest in not fairly reporting the impact of certain

demurrer on two counts of the complaint for failure to state a claim and gave Plaintiff leave to amend the remaining intentional infliction of emotional distress and defamation counts.[2] Plaintiff filed an amended complaint and Mr. Maloney again demurred. Before rendering a decision on the second demurrer, Judge Kloch entered an Order of Nonsuit pursuant to Code of Virginia § 8.01-380 and dismissed the complaint without prejudice.[3]

On or about October 15, 2007, Mr. Rubin initiated a lawsuit against ASTA in the same court ("the Second Lawsuit") realleging that his employment with ASTA was unlawfully terminated. In the Second Lawsuit, Plaintiff alleged, among other things, that his employment was terminated in violation of Virginia public policy and that by terminating his employment ASTA breached his at-will employment agreement.[4] ASTA's demurrer to the Second Lawsuit was granted in its entirety by a March 25, 2008 Order of the Circuit Court of the City of Alexandria.[5]

Mr. Rubin has now filed yet a third lawsuit alleging that his employment with ASTA was unlawfully terminated ("the Third Lawsuit"). In the Third Lawsuit, which has again been brought against ASTA, Mr. Rubin now alleges that ASTA's motive for terminating Mr. Rubin's employment was age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Seven of the forty seven paragraphs in the Third Lawsuit pertain to the nature of the proceeding and establishing jurisdiction and twenty

---

activities on ASTA's financial reports, so as to call Mr. Maloney's management of ASTA into question. Mr. Rubin also asserted defamation and intentional infliction of emotional distress claims based on the same set of facts.

[2] Judge Kloch's May 11, 2007 letter opinion is attached hereto as Exhibit B.
[3] A copy of the Court's Order of Nonsuit is attached as Exhibit C.
[4] In the Second Lawsuit, which is attached as Exhibit D, Mr. Rubin alleged, among other things, that ASTA terminated his employment because he refused to engage in the unauthorized practice of law (Second Lawsuit Par. 37).
[5] Judge Kemler's letter opinion and Order are attached hereto as Exhibits E and F.

nine paragraphs are substantially similar to the allegations in the Second Lawsuit.[6] Paragraph 10 and paragraphs 38 through 47 are new allegations.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must review all well pled allegations contained in a plaintiff's complaint to determine whether such allegations could possibly entitle the plaintiff to the relief he seeks. Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325-26 (4th Cir. 2001).

This Court has recently reiterated that a dismissal for claim or issue preclusion is accomplished via Rule 12(b)(6), despite the fact the grounds for dismissal constitutes an affirmative defense. Field Auto City, Inc. v. General Motors Corp., and General Motors Acceptance Corp., 476 F.Supp.2d 545, 556 n.11 (E.D. Va. 2007). "Such a dismissal is appropriate even if the defense does not appear on the face of the complaint because a court may properly take judicial notice of the contents of state court pleadings provided that, as here, as there is no dispute concerning the accuracy of the record." Id. (citing Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint' … when entertaining a motion to dismiss on grounds of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issues of fact … Because [plaintiff] does not dispute the factual accuracy of the record of his previous suit against [defendant …], the district court did not err in taking judicial notice of this prior case.") (internal citations omitted)).

---

[6] Paragraphs 11-12 and 14 through 36 of the Third Lawsuit are virtually identical to allegations asserted in the Second Lawsuit. Paragraphs 1-2, 4, 6, 8, 9 and 40 pertain to the nature of the

3

## ARGUMENT

I.  **The Court Must Apply Virginia *Res Judicata* Law to Determine Whether the Second Lawsuit bars the Third Lawsuit.**

The Full Faith and Credit statute requires a federal court to give a state court judgment the same preclusive effect as the courts of the rendering state. Field Auto City v. General Motors Corp., 476 F.Supp.2d 545, 556 (E.D. Va. 2007)(citing 28 U.S.C. § 1738 ("Such [judgments] shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken.")). This Court is thus required to examine and apply the preclusion law of Virginia, which is the state in which the judgment in the Second Lawsuit was rendered. Id. at 556; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892 (1984) ("[A] federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327 (1985) (citing Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82, 102 S.Ct. 1883 (1982)).

### A. *Virginia Res Judicata* Standard

A judgment in favor of a party bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies. Bates v. Devers, 214 Va. 667, 202 S.E.2d 917, 920-21 (1974). Accord, Davis v. Marshall Homes, Inc., 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003). A cause of action "could have been litigated" when trying it separately would constitute "claim-splitting," a term which refers to bringing successive suits on the same "cause of action" where each suit addresses only a part of the "claim." Field Auto City, 476 F.Supp.2d at 556; Bates, 214 Va. at 667, 202 S.E.2d at 920 n.4.

---

proceeding, jurisdiction and venue.

Further, the "effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation, and which the parties, by the exercise of reasonable diligence, might have raised at the time." Smith v. Holland, 124 Va. 663, 98 S.E. 676 (1919). Res judicata is the general doctrine that includes both claim and issue preclusion. In re Professional Coatings (N.A.), Inc., 210 B.R. 66, 74-75 (Bankr. E.D. Va. 1997).[7]

To successfully establish the *res judicata* affirmative defense under Virginia law, the moving party must prove: (1) identity of the cause of action; (2) identity of the remedies sought; (3) identity of the parties; (4) identity of the quality of the persons for or against whom the claim is made; and (5) a judgment on the merits rendered in the former action by a court of competent jurisdiction. Simmons v. Commonwealth, 252 Va. 118, 475 S.E.2d 806, 807 (1996); Davis, 265 Va. at 164, 576 S.E.2d at 506; Wright v. Castles, 232 Va. 218, 349 S.E.2d 125, 128 (1986).

Applying the *res judicata* elements to the facts at bar makes clear that Plaintiff's age discrimination complaint is barred as a matter of law.

### 1. Identity of the Cause of Action

In Virginia, there are three standards that the Court can apply to determine whether there is an identity of the causes of action in the context of the doctrine of *res judicata*.[8] First, courts consider whether the causes of action are based upon the same law. The second consideration focuses on whether the factual and legal issues raised in each proceeding are largely the same.

---

[7] While *res judicata* is often referred to as "claim preclusion", collateral estoppel is synonymous with the more specific doctrine of "issue preclusion." *Res judicata* acts as a complete bar to the second action and precludes the litigation of all grounds for defenses and recovery that were previously available to the parties, regardless of whether they were asserted pr determined in the prior action. In re Professional Coatings (N.A.), Inc., 210 B.R. 66, 75-79 (Bankr. E.D. Va. 1997)

[8] In In re Professional Coatings (N.A.), Inc, supra, Judge St. John addressed the different standards applied by the Virginia and federal court to determine if the two causes of action are

The third method that the Court can use to determine if the causes of action are the same is to consider whether the same evidence will support both actions and, whether "an assertion of particular legal rights [has] arisen out of a definable factual transaction." See In re Professional Coatings (N.A.), Inc., 210 B.R. 66, 76-79 (Bankr. E.D. Va. 1997) (provides summary of three standards to determine whether an identity of the causes of action exists) (citing Smith v. Ware, 244 Va. 374, 421 S.E.2d 444, 445-46 (1992); Gottlieb v. Gottlieb, 19 Va.App. 77, 448 S.E.2d 666 (1994); Balbir Brar v. Consolidated Trading & Services Corp., 252 Va. 341, 477 S.E.2d 743, 746 (1996); Allegheny Airlines, Inc. v. Merillat, 14 Va.App. 341, 416 S.E.2d 467, 469 (1992)); see also Brown v. Haley, 233 Va. 210, 355 S.E.2d 563, 567 (1987); Allstar Towing, Inc. v. City of Alexandria, 231 Va. 421, 425, 344 S.E.2d 903, 906 (1986).

While ASTA concedes that the Second Lawsuit and the Third Lawsuit are not based upon the same law, the factual and legal issues raised in each proceeding are largely the same, the evidence to support each claim is also largely the same, and the Second and Third Lawsuits arise out of an identical "definable factual transaction," the termination of Plaintiff's employment. The only difference between the Second and Third Lawsuits is the motivation for the termination of employment. Plaintiff seeks redress for the same wrong in both actions and is reliant upon substantially the same evidence. In fact and notably, a review of the instant complaint reveals that the vast majority of the facts pled by Mr. Rubin relating to the termination of his employment are very similar, if not identical, to those pled by him in the Second Lawsuit. In that regard, paragraphs 17-30 and 35-36 of the instant complaint appear to be identical to allegations asserted in his Second Lawsuit relating to the London business meeting, including Mr. Maloney's alleged reference to "his age" and Plaintiff's allegation that the reasons proffered

---

the same. He noted that the Fourth Circuit has adopted a transactional test whereas Virginia law looks to the underlying basis for the cause of action.

by ASTA regarding his discharge were pretextual. See Field Auto City, 476 F.Supp.2d at 557 ("Indeed, plaintiff alleges the same facts with respect to both the state breach of duty of good faith claim and the [Automobile Dealer's Day in Court Act] claim."). Therefore, Mr. Rubin's Third Lawsuit contains substantially the same legal and factual issues as did his Second Lawsuit.[9]

Additionally, the *prima facie* cases for Plaintiff's common law claims and for the instant federal claim contain identical elements of proof, specifically, Mr. Rubin's satisfactory performance, an adverse action (termination), ASTA's motivation for taking the adverse action, and damages Mr. Rubin allegedly suffered.

Moreover, Plaintiff's age discrimination claim is claim-precluded because it "could have been brought" in state court, both in the literal sense that state courts exercise concurrent jurisdiction over such claims, and in the sense that failure to raise the claim in the state court constitutes claim-splitting. Stamm v. United Airlines, Inc., 67 F.3d 296 (4th Cir. 1995) ("The district court found that, because the ADEA provides for both federal and state court jurisdiction, [Plaintiff] could have presented his federal claim with the state claim . . . In this case, it is clear that the state court had jurisdiction over both of [Plaintiff's] claims: it had original jurisdiction over [Plaintiff's] state claim and concurrent jurisdiction over his ADEA claim.").[10] Plaintiff's failure to assert his age discrimination claim in the Second Lawsuit accordingly constitutes claim-splitting because proof of the allegations that ASTA's termination of Plaintiff's employment was discriminatory involves substantially the same evidence as Plaintiff's claims

---

[9] Notably, the Virginia Supreme Court held in Griffin v. Griffin, 183 Va. 443, 449, 32 S.E.2d 700, 702 (1945), that allegations in a case do not have to be identical to those in a case where a demurrer was sustained in order to be precluded. Instead, the causes of action were the same for purposes of *res judicata* when there was no substantial difference between the claims.

[10] The Stamm v. United Airlines, Inc. decision is attached hereto as Exhibit G for the Court's convenience.

7

asserted in the Second Lawsuit, which likewise exclusively relate to ASTA's termination of his employment.

The case of Davenport v. Casteen, 878 F.Supp. 871 (W.D. Va. 1995), is instructive as it is based upon similar facts to the Third Lawsuit. In Davenport, a former employee filed two state actions and a federal action against his former employer based upon allegations of different motivations for his termination of employment. The plaintiff, a former employee of two foundations which were affiliated with state university athletic programs, filed two motions for judgment in Albemarle County Circuit Court contesting his discharge and the plaintiff alleged breached of contract and tortious interference with contractual relationships claims. Id. at 874-75. The court sustained demurrers filed and the plaintiff was granted leave to amend. Id. at 875. After the plaintiff's amended motion for judgment (against one defendant) was dismissed with prejudice and the circuit court granted summary judgment (in favor of another defendant) on the plaintiff's breach of contract claim, the plaintiff filed petitions with the Virginia Supreme Court seeking appellate review. The Supreme Court rejected the petitions. Id. The plaintiff subsequently brought a second lawsuit, pursuant to 42 U.S.C. § 1983, against the university president and former athletic director alleging that they violated his due process rights in connection with his discharge.

In Davenport, both defendants asserted that the § 1983 claims were barred by *res judicata* and the United States District Court for the Western District of Virginia agreed. Applying Virginia *res judicata* law, the court found there to be a "central core of evidence that necessarily is common to [plaintiff's] earlier suit and each of the claims in this suit[,]" and that the prior state action against the university president barred the plaintiff's § 1983 action against the athletic director. Id.

In accordance with the principles enunciated in Davenport, Plaintiff's Third Lawsuit is barred by the doctrine of *res judicata* as a central core of evidence is necessarily common to his Second Lawsuit and to Third Lawsuit, and both solely relate to his termination of employment. An identity of the causes of action exists and *res judicata* precludes the Third Lawsuit.

### 2. Identity of the Remedies Sought

The second element of *res judicata* concerns the identity of the remedies sought. An analysis of this element requires the Court to look to the remedy sought in each cause of action and the "nature of the remedy" in the context of the "design of the action." In re Professional Coatings (N.A.), Inc., 210 B.R. at 76; Smith, 244 Va. 374, 241 S.E.2d at 445. In a tortious discharge action, the plaintiff seeks monetary damages and injunctive relief. Meade v. Appalachian Power Co., 11 Va. Cir. 235, 1988 WL 619179 (Va. Cir. Apr. 5, 1988) ("There is a long line of cases in Virginia and elsewhere that stand for the proposition that employers must not discharge employees for reasons which violate public policy. These are generally referred to as 'retaliatory discharges' and the courts have been quick to recognize them and to grant redress by way of reinstatement and/or damages.")[11] (citing Bowman v. State Bank of Keysville, 229 Va. 534, 331 S.E.2d 797 (1985)). In an age discrimination case, the plaintiff also seeks monetary damages and injunctive relief in the form of reinstatement. See 29 U.S.C. § 626(b) ("In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section."). In considering the nature of the remedy in the context of the design of the

---

[11] The Meade v. Appalachian Power Co. decision is attached hereto as Exhibit H for the Court's convenience.

actions, it is clear that the Second and Third Lawsuits were respectively filed in pursuit of the same remedies. The Third Lawsuit is therefore precluded by the Second Lawsuit. Smith, 7 F.Supp.2d at 756.

### 3. Identity of the Parties and the Quality of Persons for or Against Whom the Claim is Made

ASTA satisfies the third *res judicata* element as Plaintiff's Second and Third Lawsuits pursued the same party, ASTA. See Smith v. Consolidation Coal Co., 7 F.Supp.2d 751, 756 (W.D. Va. 1998). Similarly, ASTA satisfies the fourth requirement of *res judicata* by establishing the identity of the quality of the persons for or against whom each of the claims is made. Id. (citing Mowry v. City of Virginia Beach, 198 Va. 205, 93 S.E.2d 323, 327 (1956)).[12] In the Second and Third Lawsuits, the parties to Plaintiff's suits occupied the same positions with respect to one another. In both suits, Plaintiff has pursued remedies against ASTA and has been required to demonstrate his alleged damage.

### 4. Final Judgment on the Merits Rendered by Court of Competent Jurisdiction

The final element of *res judicata* requires a showing that the earlier judgment was rendered on the merits. In this case, it is clear that there has been a final judgment on the merits because Judge Kemler granted ASTA's demurrer and dismissed the case in its entirety.

---

[12] Moreover, it is clear that Mr. Maloney, as Executive Vice President and Chief Operating Officer of ASTA, and ASTA are in privity with each other such that there is an identity of the parties in the First Lawsuit and the Third Lawsuit. See Davenport v. Casteen, 878 F.Supp. 871 (W.D. Va. 1995) (Privity is "nothing more than a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle in question.") (internal citations omitted); CDM Enterprises, Inc. v. Commonwealth of Virginia/Manufactured Housing Bd., 32 Va.App. 702, 530 S.E.2d 441 (Va. Ct. App. 2000). Judge Kloch's May 11, 2007 letter opinion was a judgment on the merits regarding the unlawful discharge counts in the First Lawsuit and substantially the same evidence supports the claims raised in the First and Third Lawsuits. Therefore, the elements of *res judicata* are also satisfied when one evaluates Mr. Rubin's First and Third Lawsuits. Mr. Rubin's First Lawsuit precludes his Third Lawsuit.

Simmons, 475 S.E.2d at 807; Davis, 576 S.E.2d at 506. The Virginia Supreme Court has instructed that a sustained demurrer is preclusive if it dismisses the case. Bibber v. McCreary, 194 Va. 394, 395, 73 S.E.2d 382, 383 (1952). "In Virginia, the authorities are uniform to the effect that a demurrer goes to the heart of the case and, if sustained, it is a decision on the merits . . . Thus it will be seen that where the merits of the case are actually reached by a demurrer, a judgment rendered thereon has the effect of a judgment on the merits where there has been no amendment sought or appeal noted." Rivers v. Norfolk, Baltimore & Carolina Line, Inc., 210 F. Supp. 283, 287 (E.D. Va. 1962); Griffin v. Griffin, 183 Va. 443, 449, 32 S.E.2d 700, 702 (1945). As the Second Lawsuit was rendered on the merits, the Third Lawsuit is precluded by *res judicata*.

## CONCLUSION

Plaintiff has already had two bites at the apple. Plaintiff made the strategic decision not to bring his age discrimination claim against ASTA in the Circuit Court of the City of Alexandria where he asserted common law wrongful discharge claims, despite the fact that his age discrimination claim existed at the time of the earlier suit and was germane to that action. The Plaintiff could have, and should have, litigated this claim in either the First or Second Lawsuits and having pursued his remedy in state court without success, Plaintiff cannot now be allowed to relitigate another claim that should have been brought in either of the earlier proceedings. Moreover, significant public policy considerations and established *res judicata* precedent dictate that the Court should not devote valuable time and resources, nor should ASTA be forced to continue to incur substantial legal expenses, in defending an action based upon a different motivation for the same adverse action in which the parties are the same, the suits involve identical subject matter, and the suits seek redress for the termination of Plaintiff's employment.

For the aforementioned reasons, Defendant American Society of Travel Agents, Inc. respectfully requests that the complaint be dismissed, with prejudice, that the Defendant be awarded its costs and expenses, including reasonable attorneys' fees, and that the Defendant be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

**AMERICAN SOCIETY OF TRAVEL AGENTS, INC.**

By: \_\_\_\_/s/_____
Lynn F. Jacob
Virginia State Bar No. 21749
Attorney for Defendant
WILLIAMS MULLEN, P.C.
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: (804) 783-6427
Facsimile: (804) 783-6507
ljacob@williamsmullen.com

Adele M. Neiburg
Virginia State Bar No. 68482
Attorney for Defendant
WILLIAMS MULLEN, P.C.
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: (804) 783-6430
Facsimile: (804) 783-6507
aneiburg@williamsmullen.com

## ROSEBORO WARNING

TO PLAINTIFF BURTON J. RUBIN

1) You are entitled to file a response opposing Defendant's Motion to Dismiss Complaint and any such response must be filed within twenty (20) days of the date on which the Motion is filed. (See attached NEF confirmation sheet for date of filing.)

2) The Court could dismiss your case on the basis of the Motion to Dismiss and Memorandum in Support filed by the Defendant if you do not file a response.

3) You must identify all facts stated by Defendant with which you disagree and you must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury).

4) You are also entitled to file a legal brief in opposition to the one filed by the Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2008, I will electronically file the foregoing Memorandum in Support of the Motion to Dismiss Complaint with the Clerk of Court using the CM/ECF system, and I hereby certify that I will mail the document, along with a copy of the NEF, by U.S. Mail, postage prepaid, to the following non-filing user:

> Burton J. Rubin
> 6720 Stonecutter Drive
> Burke, VA  22015
> Pro Se Plaintiff

> By: _____/s/_____
> Lynn F. Jacob
> Virginia State Bar No. 21749
> Attorney for Defendant
> WILLIAMS MULLEN, P.C.
> P.O. Box 1320
> Richmond, Virginia 23218-1320
> Telephone: (804) 783-6427
> Facsimile: (804) 783-6507
> ljacob@williamsmullen.com

1614733v4