IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BURTON J. RUBIN<br><br>                  **Plaintiff,**<br><br>v.<br><br>AMERICAN SOCIETY OF TRAVEL<br>AGENTS, INC.<br><br>                  **Defendant.** | Case No.: 1:08CV474 |

**DEFENDANT AMERICAN SOCIETY OF TRAVEL AGENTS, INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS COMPLAINT</u>**

       In his opposition brief, Plaintiff Rubin concedes that the lawsuits all involve Defendant ASTA's alleged improper purpose or motivation for terminating his employment and seeks to overcome this Motion to Dismiss by arguing that it involves a different cause of action than the First and Second Lawsuits and that different remedies are sought. He further argues that this Third Lawsuit should not be dismissed because at the time he brought the first two lawsuits he had not yet obtained a Notice of Right to Sue.

       Plaintiff fails to cite any cases with a factual scenario similar to that before this Court in support of his position that multiple lawsuits based on allegations that the plaintiff was terminated from employment for improper reasons set forth different causes of action. Instead, Plaintiff relies upon <u>Davis v. Marshall Homes, Inc.</u>, 265 Va. 159 (2003), as being dispositive to the case at bar. Plaintiff's arguments are without legal or factual support and must be rejected as a matter of law because the holding of <u>Davis</u> has been superseded by the recent promulgation of Virginia Supreme Court Rule 1:6, which broadened *res judicata* to cover, with some exceptions,

all unpled claims arising out of the same "conduct, transaction, or occurrence." Moreover, although Plaintiff did not have the Notice of Right to Sue at the time the First and Second Lawsuits were filed, *res judicata* is not precluded because Plaintiff failed to, among other options, seek a stay for the purpose of pursuing his administrative remedies or, in the case of the Second Lawsuit, because he failed to amend his lawsuit to include his remedies under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA").

I.  **Rule 1:6 Supersedes Davis v. Marshall Homes, Inc.**

The Davis case, on which Plaintiff relies, sharply divided the Virginia Supreme Court, not only on the core question of Virginia's formulation of the *res judicata* doctrine, but also on how case law has historically applied it. In Davis, the court was asked to decide whether a contract claim was barred by the doctrine of *res judicata* due to an earlier tort action. The Davis court applied a "same evidence" test, stating that "[t]he test to determine whether claims are part of a single cause of action is whether the same evidence is necessary to prove each claim." Davis, 265 Va. at 167, 576 S.E.2d at 507. Ultimately, the court concluded that because the contract claim required different proof than the earlier tort action, it was not barred by *res judicata*. Clearly, the Davis court had to reject the transactional approach, in favor of the "same evidence" test, in order to find the contract claim was not barred by *res judicata*. However, the significance of the Davis case lies not in its conclusions, but in the fact that its reasoning was subsequently rejected by the Supreme Court of Virginia when it adopted Rule 1:6. Therefore, the Davis opinion has been viewed as a departure from the traditional *res judicata* law in Virginia and has been superseded by judicial rule. See Virginia Imps. Ltd. V. Kirin Brewery of Am., LLC, 50 Va. App. 395, 410 n.6, 650 S.E.2d 554, 561 n.6 (2007) (declaring that Rule 1:6 was promulgated to supersede the holding in Davis).

The Virginia Supreme Court formally adopted Rule 1:6 and made it effective July 1, 2006. Rule 1:6, titled "Res Judicata Claim Preclusion," provides, as follows:

> (a) Definition of Cause of Action. A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposition party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Rule 1:6(a). Rule 1:6 accordingly applies to all Virginia judgments entered in civil actions commenced after July 1, 2006, which includes all three lawsuits brought by Plaintiff against Defendant. Rule 1:6(b). Notably, it now does not matter in Virginia, as it did in Davis, that the second suit involves different legal theories or dissimilar evidence. What matters is the practical commonality of the factual circumstances. Claims arising out of a unified cluster of facts must now be litigated in the same lawsuit.[1]

**II.     The Third Lawsuit is Barred Pursuant to Rule 1:6.**

Plaintiff has filed three lawsuits with different alleged motivations for the same conduct, transaction or occurrence, specifically, the termination of his employment. Plaintiff actually

---

1 Moreover, in a comprehensive article addressing recent Virginia *res judicata* law, entitled "Massive Changes in Res Judicata on July 1, 2006," Kent Sinclair explains that although the canons of construction for determining what factual grouping constitutes the "conduct, transaction or occurrence" out of which the original claim arose are not spelled out in Rule 1:6, in the other states and the federal courts which apply the same test as is now applicable in Virginia under this new Rule, the determination is made pragmatically, giving weight to such considerations as whether the facts are related in time, place, origin, actions, participants or motivation, whether they form a convenient trial union, and whether their treatment as a unit conforms to common usage and understanding, the parties' expectations, or business understanding or usage. Kent Sinclair, *Guide to Virginia Law & Equity Reform and Other Landmark Changes* § 11.08, at 265 (2006). Mr. Sinclair's instructive article is attached hereto as Exhibit A for the Court's convenience.

concedes that the lawsuits all involve Defendant's alleged improper purpose or motivation for terminating his employment. Moreover, the First and Second Lawsuits upon which demurrers were sustained were decided on the merits by a final judgment. <u>Griffin v. Griffin</u>, 183 Va. 443, 449, 32 S.E.2d 700, 702 (1945) (sustained demurrer is preclusive and on the merits if it dismisses the case); <u>Rivers v. Norfolk, Baltimore & Carolina Line, Inc.</u>, 210 F. Supp. 283, 287 (E.D. Va. 1962) (same); Memo in Support of Motion to Dismiss Complaint at 10-11.[2]

### III. The Failure to Receive the Notice of Right to Sue does not Save Plaintiff's Third Lawsuit.

The portion of the Opposition Brief devoted to Defendant's alleged *ex post facto* requirement of compulsory joinder of ADEA claims with common law wrongful termination claims is devoid of applicable caselaw and replete with legal errors, the most notable of which is Plaintiff's consistent reference to Title VII, as opposed to ADEA, claims and corresponding statutory provisions.

A plaintiff may bring an action in either state or federal court under the ADEA 60 days after filing a charge with the Equal Employment Opportunity Commission ("EEOC"). <u>See</u> 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). Plaintiff filed his EEOC charge on August 21, 2007 and filed the Second Lawsuit on October 15, 2007, fifty-six days after he filed his EEOC charge. (Opposition Brief at 7-8). In direct contravention to the ADEA's clear statutory language, Plaintiff asserts that his right to bring an ADEA suit "could not even accrue until 180 days after he filed his Charge with the EEOC, absent earlier issuance of a 'right to sue' letter by that agency, and that

---

[2] In fact, Plaintiff does not appear to contest the finality of the First and Second Lawsuit judgments.

his "right to, although not actual receipt of, a 'right to sue' letter is a prerequisite to jurisdiction[.]" (Opposition Brief at 7-8, footnotes omitted).

Plaintiff had several available options to avoid the dismissal of his age discrimination claim pursuant to the doctrine of *res judicata*. Plaintiff could have filed his EEOC charge and thereafter filed his lawsuit on the 61st day after filing the charge.³ Alternatively, Plaintiff could have waited only five additional days to file the Second Lawsuit. Because leave to amend shall be liberally granted in furtherance of the ends of justice and Defendant had not filed a responsive pleading, Plaintiff could also have amended his complaint to include his age discrimination claim five days after he filed the Second Lawsuit. (Virginia Supreme Court Rule 1:8). Plaintiff also had the option of filing his lawsuit and seeking a stay of the proceedings during which time he could have waited out the 60 day period and successfully could have sought leave to amend his complaint.⁴ See Woods, 972 F.2d 36, 41 (2d Cir. 1992) ("We are of the firm opinion that a district court faced with a stay request in this type of situation-where a Title VII plaintiff is seeking to defer further proceedings in non-Title VII causes of action while pursuing Title VII administrative remedies-should grant the stay absent a compelling reason to the contrary."). Had Plaintiff chosen any of these alternatives, he could have preserved his ADEA claim. As there is no reason to excuse Plaintiff's failure to take these minimal steps necessary to preserve each claim independently, Plaintiff's ADEA claim is not exempt from the bar of *res judicata*.

---

3 The applicable statute of limitations for Plaintiff's state law claims would not have been a bar to bringing his state and federal claims together. See Va. Code Ann. § 8.01-248 ("Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.")
4 As noted, Virginia Supreme Court Rule 1:8 provides that "Leave to amend shall be liberally granted in furtherance of the ends of justice."

Moreover, the fact situation in the Fourth Circuit's unpublished decision in O'Grady v. MCI Telecommunications Corp., 103 F.3d 119, 1996 WL 721953 (4th Cir. 1996)[5], is identical in all material respects to the case at bar. In O'Grady, the Fourth Circuit, applying Virginia law, ruled that plaintiff's Title VII action alleging that the rejection of his homosexual supervisor's attentions caused him to be harassed at work, and ultimately to be discharged from his job at MCI, was barred on *res judicata* grounds by a prior action in Virginia state court. The Fourth Circuit rejected Mr. Rubin's argument that the failure to have received the notice of right to sue on a Title VII claim bars dismissal of the lawsuit. It noted that although plaintiff did not raise the Title VII claim in his state action and had not yet received a "right to sue" notice, he could have raised the issue as he was entitled to a "right to sue" notice under 42 U.S.C. § 20003-5(f)(1).

Additionally, the Second, Sixth, Seventh and Ninth Circuits have also rejected Plaintiff's argument in the Title VII context. See, e.g., Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714-15 (9th Cir. 2001) (Prior state law wrongful discharge and state fair employment practices case precludes Title VII claims where the Title VII claims could have been raised in the state case because state courts have concurrent jurisdiction and where plaintiff could have timely requested a Title VII right to sue letter from the EEOC. "[W]e now join our sister circuits in holding that Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims."); Heyliger v. State University and Community College System of Tennessee, 126 F.3d 849 (6th Cir. 1997) (decision in state court under state fair employment law bars Title VII action on the same facts, even if state case was filed before the EEOC issued the federal right to sue;

---

5 O'Grady v. MCI Telecommunications Corp., 103 F.3d 119, 1996 WL 721953 (4th Cir. 1996), is attached hereto as Exhibit B for the Court's convenience.

6

noting that plaintiff had duty to request right to sue letter and amend state complaint); Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 225 (7th Cir. 1993) ("[T]he employee can sue on his other claim, ask the court … to stay the proceedings until the Title VII administrative process is complete, and then if the process does not end in a way that satisfies him amend his complaint to add a Title VII count."); Woods v. Dunlop Tire Corp., 972 F.2d at 40-41 (Title VII claim not exempt from *res judicata* where plaintiff made no effort in prior action to seek a stay from the district court or amend her complaint to include Title VII claim).

Moreover, the United States District Court for the District of South Carolina evaluated successive state and federal lawsuits based on allegations regarding the termination of plaintiff from his employment with defendants in Weston v. Margaret J. Weston Med. Ctr., 2007 WL 2750216 (D.S.C. 2007).[6] In this case, defendants contended that plaintiff's ADEA action was barred by a prior state court judgment in a case for breach of contract, breach of contract accompanied by fraudulent act, gross negligence, bad faith, and retaliation. During the pendency of the South Carolina state lawsuit, the South Carolina Human Affairs Commission and the EEOC issued "right to sue" letters regarding plaintiff's discrimination case. Plaintiff did not seek to amend his state court lawsuit or request a voluntary dismissal of the claims to proceed in federal court. The Magistrate Judge, whose Report and Recommendation was incorporated into the District Court's decision, explained that plaintiff could have raised an ADEA claim in the earlier state court proceeding because state courts have concurrent jurisdiction over such claims. He dismissed the ADEA claim pursuant to the doctrine of *res judicata* where the plaintiff had not received his "right to sue" notice at the time he brought the state action, but he received the notice several months prior to his trial date. Id.

---

6 Weston v. Margaret J. Weston Med. Ctr., 2007 WL 2750216 (D.S.C. 2007), is attached hereto as Exhibit C for the Court's convenience.

7

<u>Conclusion</u>

For the aforementioned reasons, Defendant American Society of Travel Agents, Inc. respectfully requests that the complaint be dismissed with prejudice.

        Respectfully submitted,

        **AMERICAN SOCIETY OF TRAVEL AGENTS, INC.**

By:     /s/
        Lynn F. Jacob
        Virginia State Bar No. 21749
        Attorney for Defendant
        W<small>ILLIAMS</small> M<small>ULLEN</small>, P.C.
        P.O. Box 1320
        Richmond, Virginia 23218-1320
        Telephone: (804) 783-6427
        Facsimile: (804) 783-6507
        ljacob@williamsmullen.com

        Adele M. Neiburg
        Virginia State Bar No. 68482
        Attorney for Defendant
        W<small>ILLIAMS</small> M<small>ULLEN</small>, P.C.
        P.O. Box 1320
        Richmond, Virginia 23218-1320
        Telephone: (804) 783-6430
        Facsimile: (804) 783-6507
        aneiburg@williamsmullen.com

<u>TO PLAINTIFF BURTON J. RUBIN</u>

The Court could dismiss your case on the basis of the Motion to Dismiss and Memorandum in Support filed by the Defendant on June 27, 2008. On that same date, the Defendant scheduled a hearing for July 25, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Liam O'Grady, at the U.S. Courthouse in Alexandria in which to argue in support of its Motion to Dismiss. You are invited to attend and argue against the Motion to Dismiss on such date and time.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2008, I will electronically file the foregoing Reply Memorandum of Law in Support of the Motion to Dismiss Complaint with the Clerk of Court using the CM/ECF system, and I hereby certify that I will mail the document, along with a copy of the NEF, by electronic and U.S. Mail, postage prepaid, to the following non-filing user:

> Burton J. Rubin
> 6720 Stonecutter Drive
> Burke, VA  22015
> Pro Se Plaintiff
> BJRubin@aol.com

> By: _____/s/_____
> Lynn F. Jacob
> Virginia State Bar No. 21749
> Attorney for Defendant
> WILLIAMS MULLEN, P.C.
> P.O. Box 1320
> Richmond, Virginia 23218-1320
> Telephone: (804) 783-6427
> Facsimile:  (804) 783-6507
> ljacob@williamsmullen.com

1633251v4